UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE L. BRADLEY, | |
| Petitioner, | Case No. C24-1197-KKE-MLP |
| v. | |
| JASON BENNETT, | ORDER TO SHOW CAUSE |
| Respondent. | |

Petitioner Dale Bradley is a Washington state prisoner who is currently confined at the Stafford Creek Corrections Center pursuant to a judgment and sentence entered in King County Superior Court case number 17-1-07931-2. (*See* dkt. ## 1-1, 1-2 .) Petitioner has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his current custody is unlawful because the statute under which he was sentenced is unconstitutional. (*See* dkt. ## 1-1, 1-3.) More specifically, Petitioner contends that he received an indeterminate life sentence in accordance with the provisions of RCW 9.94A.507, which authorizes "a board" to increase his mandatory minimum term of confinement, and that this constitutes a violation of his Sixth Amendment right to a jury trial.[1] (*See id.*)

---

[1] In his materials, Petitioner cites to both RCW 9.94A.507 and RCW 9.94A.712. (*See* dkt. ## 1-1, 1-3.) The manner in which Petitioner references these statutes is somewhat confusing. The Court notes, for

ORDER TO SHOW CAUSE - 1

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254.

In order to obtain relief under § 2254, a petitioner must demonstrate that his claims for federal habeas relief have been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner makes clear that he has not presented the issue raised in his federal habeas petition to any state appellate court for review. (*See* dkt. # 1-1 at 2-7.) Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)   Petitioner shall SHOW CAUSE, not later than ***thirty (30) days*** from the date on which this Order is signed, why his petition and this action should not be dismissed for failure to

---

purposes of clarification, that RCW 9.94A.712 was recodified as 9.94A.507 by Laws 2008, Ch. 231, § 56, effective August 1, 2009.

ORDER TO SHOW CAUSE - 2

exhaust state court remedies. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The motions submitted by Petitioner in conjunction with his federal habeas petition (dkt. ## 1-7, 1-8) are STRICKEN pending any response from Petitioner to this Order.

(3) The Clerk is directed to NOTE this matter on the Court's motion calendar for ***September 23, 2024***, for review of Petitioner's response to this Order to Show Cause.

(4) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Kymberly K. Evanson.

DATED this 23rd day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3